1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| KIARA GILLETTE, <br><br> Plaintiff, <br><br> v. <br><br> I.Q. DATA INTERNATIONAL, INC., <br><br> Defendant. | Case No.: <br><br><br> **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** <br><br> **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Kiara Gillette ("Kiara"), is a natural person who resided in North Las Vegas, Nevada, at all times relevant to this action.

2. Defendant, I.Q. Data International, Inc. ("IQ"), is a Washington corporation that maintained its principal place of business in Everett, Washington, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

COMPLAINT                                          1
Case No.

Northwest Debt Relief Law Firm
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA  98168
Telephone: 206-674-4559

4.  Pursuant to 28 U.S.C. § 1391(b), venue is proper because IQ resides in this judicial district.

## STATEMENT OF FACTS

5.  At all times relevant to this action, IQ collected consumer debts.

6.  IQ regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7.  The principal source of IQ's revenue is debt collection.

8.  IQ is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.  As described, *infra*, IQ contacted Kiara to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Kiara is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. On or around February 8, 2017, IQ called Kiara on her cellular phone in connection with the collection of a debt.

13. During this communication, IQ offered a settlement for Kiara's account.

14. Kiara asked if she could call IQ back as she didn't have her credit card with her.

15. IQ agreed and provided Kiara with a call back number.

16. The following day, Kiara telephoned IQ and spoke with a representative named Brian ("Brian") who offered Kiara a different settlement agreement.

17. This agreement included deletion of the account from Kiara's credit report.

18. Kiara provided Brian with her bank information and set up a payment contingent on Kara's tax refund being deposited to her bank account on February 24, 2017.

COMPLAINT                                         2                    Northwest Debt Relief Law Firm
Case No.                                                              14900 Interurban Ave. So.
                                                                     Suite 271, PMB 43
                                                                     Seattle, WA  98168
                                                                     Telephone: 206-674-4559

19. Brian told Kiara if the tax refund didn't come through, Kiara could call IQ on February 23, 2017, and the scheduled payment would be cancelled.

20. On February 23, 2017, Kiara telephoned IQ and advised Brian the tax refund had not been deposited.

21. Brian transferred Kiara to another department for the purpose of setting up another payment arrangement.

22. Kiara was transferred to a representative, Chris ("Chris"), who spoke to Kiara in an extremely rude tone.

23. Chris demanded Kiara provide her IRS login information, which Kiara refused to do.

24. Chris proceeded to accuse Kiara of lying and keeping the tax refund for herself.

25. In addition, Chris told Kiara she was disrespectful for not paying her bills.

26. Throughout the conversation, Kiara repeatedly attempted to set up a payment plan, which Chris refused to do.

27. Chris advised Kiara her account would be charged on February 24, 2017, as previously arranged.

28. Kiara attempted to explain about the contingency of her tax refund being deposited, but Chris would not relent.

29. Frustrated, Kiara hung up.

30. IQ's collection efforts, including but not limited to its telephone calls, caused Kiara emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

COMPLAINT
Case No.

3

Northwest Debt Relief Law Firm
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA  98168
Telephone: 206-674-4559

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

31. Kiara re-alleges and incorporates by reference Paragraphs 5 through 30 above as if fully set forth herein.

32. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector.  *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

33. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse."  *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

34. The likely effect of IQ's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Kiara.

35. IQ violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Kiara in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

36. Kiara re-alleges and incorporates by reference Paragraphs 5 through 30 above as if fully set forth herein.

COMPLAINT
Case No.                                                    4                    Northwest Debt Relief Law Firm
                                                                                 14900 Interurban Ave. So.
                                                                                 Suite 271, PMB 43
                                                                                 Seattle, WA  98168
                                                                                 Telephone: 206-674-4559

37. IQ violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

38. Kiara re-alleges and incorporates by reference Paragraphs 5 through 30 above as if fully set forth herein.

39. IQ violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

40. Kiara demands a trial by jury.

## PRAYER FOR RELIEF

41. Kiara prays for the following relief:

    a.  Judgment against IQ for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.

[SIGNATURE ON FOLLOWING PAGE]

COMPLAINT
Case No.                                           5                    Northwest Debt Relief Law Firm
                                                                        14900 Interurban Ave. So.
                                                                        Suite 271, PMB 43
                                                                        Seattle, WA 98168
                                                                        Telephone: 206-674-4559

RESPECTFULLY SUBMITTED,

Date: August 31, 2017

By: s/ Thomas McAvity
Thomas McAvity, WSBA # 35197
Northwest Debt Relief Law Firm
14900 Interurban Ave. So
Suite 271, PMB 43
Seattle, WA 98168
Telephone: 206-674-4559
Facsimile: 866-241-4176
Email: thomas@nwdrlf.com
*Attorney for Plaintiff, Jason Madsen*

COMPLAINT
Case No.

6

Northwest Debt Relief Law Firm
14900 Interurban Ave. So.
Suite 271, PMB 43
Seattle, WA 98168
Telephone: 206-674-4559